AMELIA COOK, Assignee of N. CLARK, Sheriff *vs.* I. T. COOPER.

On a judgment confessed, "amount to be ascertained by prothonotary," and no amount ascertained for fourteen years; the court refused to make an order for ascertaining the amount against the defendant, who was a surety, and both plaintiff and principal in the original action, being dead.

RULE to show cause, &c.

At the last term, *Mr. Bates,* for the administrator of Mrs. Cook, moved the court for an order on the prothonotary to ascertain the amount of a judgment rendered against I. T. Cooper, on the 24th of November, 1830. There were two suits brought to November term, 1829, and docketted as actions of *debt,* by Amelia Cook, as *assignee* of N. Clark, *sheriff,* against R. J. Cooper and I. T. Cooper, severally. There was an appearance in each case, and judgment by confession, at the November term, 1830; "amount to be ascertained by the prothonotary, with stay of execution for five months." The amount of this judgment had never been ascertained. Both the plaintiff and the defendant, R. J. Cooper, were dead.

*Mr. Fisher,* for the defendant, I. T. Cooper, who he alledged was merely the special bail of the other defendant, objected to the order.

1. The authority of the prothonotary to ascertain the amount of a judgment, must of necessity have some limitation. A neglect of fourteen years to ascertain an amount; until both plaintiff and defendant are dead, and all the matters of defence forgotten, is such laches as ought not to be aided, and an application now to ascertain the amount as against a surety, will not be entertained.

2. There are no legal parties to the suit; both plaintiff and defendant are dead.

3. These were actions on a bail bond against principal and bail, and the amount of the judgment cannot be ascertained against the surety, until it is ascertained against the principal; and cannot be recovered against either, until judgment is recovered against the principal in the original action.

4. The constitution authorizes the continuing of a suit by suggestion of death, but this must be done at the next term. There is now no power by mere suggestion to make proper parties in these causes.

*Mr. Bates* replied, that this was not the case of an attempt to continue a suit pending, after the death of a party, with a view to obtain a judgment; but it was the application of a party who has a judg-

ment, for an order on the officer of the court to execute the original order made on him.

*The Court* laid the rule to show cause; which was afterwards, on full hearing, *discharged;* the court refusing to permit the amount of the judgment to be ascertained in a summary way after so great a lapse of time.

*Bates*, for the rule.

*Fisher* and *Frame*, contra.

---

RICHARD B. GILPIN *vs.* SAMUEL TEMPLE, who with JAMES THOMAS, were lately trading as THOMAS & TEMPLE.

What is a partnership? This is a question of law.

In an action by third persons, the partnership may be inferred from circumstances.

Even common reputation is evidence, if it be shown to arise from the acts of the partner sought to be charged.

But the acts nor declarations of one partner are not evidence of the partnership to charge another.

NEW CASTLE, November Term, 1844. This was an action of assumpsit, instituted against Samuel Temple and a certain James Thomas, as partners in the blacksmithing business, under the style of Thomas & Temple. James Thomas was not taken. The pleas were non-assumpsit, payment, discount, and set off.

The plaintiff's claim was for iron and other materials sold and delivered. The iron was ordered by Thomas and charged to the firm of Thomas and Temple. A clerk in plaintiff's store proved that Temple had been at plaintiff's store in company with Thomas, and had spoken with the plaintiff about the blacksmithing business which they were carrying on.

Question. Were they generally considered and known in the neighborhood as partners? Objected to.

*Wales.*—The relation of partners can only exist by a contract, and can be made known only by their acts or declarations. (2 *Saund. Pl. and Ev.* 710.)

*Johnson.*—The evidence of a partnership as between partners is much more strict than in relation to third persons. A third person dealing with the firm is not bound to show a contract of partnership; all he is bound to show is that the parties held themselves out to the public as partners. And for this purpose common reputation is sufficient; with corroborating circumstances. (14 *Johns. Rep.* 215.)